IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|                           |     |              |
|---------------------------|-----|--------------|
| Octavio Perez,            | )   |              |
|                           | )   |              |
|    Plaintiff, | ) |            |
|                           | )   |              |
|                           | )   |              |
|    v.      | )   | No. 26 C 449 |
|                           | )   |              |
|                           | )   |              |
| Intellicheck, Inc. &      | )   |              |
| authID, Inc.,             | )   |              |
|                           | )   |              |
|    Defendant. | ) |            |

Memorandum Opinion and Order

In this putative class action, plaintiff Octavio Perez has alleged that defendants Intellicheck, Inc. and authID, Inc. obtained, retained, and disclosed his and others' biometric identifiers in violation of the Illinois Biometric Privacy Act ("BIPA"). Before me is authID's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, for a more definite statement under Rule 12(e). For the reasons that follow, I deny that motion

I.

Beginning in 2021, Perez worked for GoPuff, a non-party delivery company. GoPuff required Perez to clock in for his shifts

1

through an application on his phone that would, as part of the clock-in, verify his identity. Perez would have to submit photographs of his identity document and of his face, and the app would verify that his was the face in the document. The app was an Intellicheck product, but Intellicheck may have been a middleman, because Perez alleges that Intellicheck passed the scans of his face to authID, which did the actual verification work.

Perez alleges that neither company abided by regulations codified by BIPA. authID now argues that I lack subject matter jurisdiction to consider those counts Perez has pled against it.

## II.

"When reviewing a dismissal for lack of subject matter jurisdiction, we note that a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Long v. Shorebank Dev. Corp*, 182 F.3d 548, 554 (7th Cir. 1999). When I consider a motion to dismiss on jurisdictional grounds, I "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (citations omitted).

**III.**

The Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, "protect[s] consumers against the threat of irreparable privacy harms, identity theft, and other economic issues arising from the increasing use of biometric identifiers and information by private entities" by regulating those entities' ability to collect, retain, and trade in biometric identifiers. *Bryant v. Compass Group, USA, Inc.*, 958 F.3d 617, 619 (7th Cir. 2020). Section 15 of the act governs retention, collection, disclosure, and destruction of biometric identifiers. 740 ILCS 14/15. Subsection (a) of Section 15 requires that businesses develop, publish, and follow a written policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers." Subsection (b) requires that businesses obtain written consent before harvesting or "otherwise obtain[ing]" biometric identifiers. Facial scans, like the ones Perez provided when he clocked into work on his phone, are biometric identifiers under BIPA. 740 ILCS 14/10.

Perez's assertion is that authID has run afoul of both Section 15(a) (Count III) and 15(b) (Count I) by accepting scans of his face through middleman Intellicheck. authID's jurisdictional argument is that Perez lacks standing to assert either his subsection (a) or subsection (b) claims.

3

To establish standing under Article III, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). authID's assertion is not that the *kind* of BIPA injury Perez is claiming does not constitute an "injury in fact" redressable in court— *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146, 1152–56 (7th Cir. 2020) blessed his subsection (a) claim and *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020) did the same for his subsection (b) claim. Rather, authID's position is that Perez has his facts wrong and that authID simply never received any scans of his face and that Perez's injury is not fairly traceable to it.

authID provided the sworn declaration of its Data Engineering and Security Director, Mitchell Beauchemin. The declaration asserts that "business records from authID's processing platform reflect that, from the beginning of January 2021 through June 2023, authID did not process, capture, collect, or obtain any data to verify identities of individuals in Illinois for Intellicheck." ECF 28-1 at 3. Perez has pled that he started working for GoPuff in 2021 and that he only worked for GoPuff in Illinois so, authID contends, it could not have received any of his scans from Intellicheck in violation of BIPA.

4

For his part, Perez submitted Intellicheck's answers to interrogatories from an earlier incarnation of this case.[1] In those answers, Intellicheck said that, at least from May 5, 2023 to July 23, 2023, it was participating in some kind of "pilot" project with Perez's then-employer GoPuff. And Intellicheck explained that, as part of that project, if it had taken Perez's face scans, it would have sent them to authID.[2]

On this record, I cannot find that Perez lacks standing, for two reasons.

The first, as Perez has noted, is that this is simply a dispute of fact that, at the pleading stage, I am bound not to resolve against him. *Long v. Shorebank Dev. Corp*, 182 F.3d 548, 554 (7th Cir. 1999). This is exactly the kind of dispute—and if it really is the case that authID was never involved with Perez, then

---

[1] This was *Perez v. Intellicheck, Inc.*, No. 1:24-CV-2381, ECF No. 26 (Minute Order) (N.D. Ill. Apr. 17, 2025) (dismissing the case without prejudice pursuant to a stipulation).

[2] authID asks me to disregard the interrogatory answers entirely because Perez neglected to attach the verification required by Federal Rule of Civil Procedure 33(b)(3) that was, presumably, included in Intellicheck's original response. But the requirement of a verification goes to Intellicheck's compliance with that rule, not my ability to take a look at its answers. And authID has not asserted that Perez simply fabricated Intellicheck's responses.

its discovery burden should be minimal—that is appropriate for summary judgment.

The second reason is that even if I took the Beauchemin declaration as true, it would not be incompatible with Perez's face scans having ended up with authID in violation of BIPA. To begin with, even if authID received no biometric information through the end of June 2023, the declaration leaves open the possibility that authID received Perez's scans from July 1–23, 2023, during the alleged pilot program with Intellicheck.

And then the other reason that the declaration would not win the day is that authID's argument seems to be premised on an unspoken, and mistaken, view of subsection (a). It seems as though authID provided a declaration only covering the period up to June 2023 because subsection (a) prohibits retaining biometric identifiers longer than three years after "the individual's last interaction with the private entity." June 2023 was three years ago, so, authID seems to be suggesting, it could not as yet have retained any of Perez's information, even if authID had received it, for longer than three years.

This argument is the only way I can make sense of the Beauchemin declaration speaking only up until June 2023. But if that is the case, then authID has misapprehended the time limit in subsection (a). Retention for more than three years is prohibited,

yes, but so is retention for any period after "the initial purpose for collecting or obtaining [the biological identifiers] has been satisfied," and the applicable time period is whichever elapses first. 740 ILCS 14/15(a). That is, if Perez is correct when he pleads that authID lacked a policy governing retention beyond the initial purpose of the scans, then his claims could have accrued much earlier than three years after authID received the scans, meaning that June 2023 is not some kind of hard limit on liability.

**IV.**

I deny authID's motion to dismiss. authID moved in the alternative for me to direct Perez to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) spelling out when he suspects that authID received his scans. As such motions are disfavored, as the theory under which authID requested that relief was mistaken, and as Perez has more or less provided the requested statement—May to July 2023, apparently—I deny that motion, too. *Frazier v. U.S. Bank Nat. Ass'n*, 2013 WL 1385612, at *2 (N.D. Ill. Apr. 4, 2013).

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: July 9, 2026

7